UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ENZO MORELLA, an individual,          )
                                      )
                   Plaintiffs,        )   No. 2:12-cv-00672 RSL
       v.                             )
                                      )   ORDER DENYING PLAINTIFF'S
SAFECO INSURANCE COMPANY OF           )   MOTION FOR REMAND
ILLINOIS, a foreign corporation,      )
                                      )
                   Defendant.         )
_____)

## I. Introduction

This matter comes before the Court on plaintiff's "Motion to Remand." Dkt. #13. Plaintiff asserts that defendant has not shown that the amount in controversy exceeds $75,000, and therefore, has not affirmatively established the Court's diversity jurisdiction. In an effort to meet its burden, the defendant has supplied the Court with a settlement letter from plaintiff that estimates damages at $196,542.82 and includes a settlement demand of $115,000. Dkt. #8. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II. Standard of Review

As the party seeking removal, the defendant has the burden of establishing jurisdiction. Plaintiff elected not to allege a specific amount in his complaint. When an amount is absent from the complaint, the Ninth Circuit has adopted a preponderance of the evidence standard.

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND

Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 397 (9th Cir. 2010).

### III. Discussion

Although defendant chose not to include summary judgment type evidence regarding the amount in controversy in its notice of removal, it responded to the Court's order of April 24, 2012, by submitting: 1) the plaintiff's Insurance Fair Conduct Act (IFCA) complaint and settlement demand, 2) the letter from defendant requesting that plaintiff advise if he will stipulate that the amount in controversy is $75,000 or less, and 3) plaintiff's response that he is unwilling to stipulate that his damages are $75,000 or less. Dkt. #8. Plaintiff relies on Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992), and argues that the Court should remand because defendant failed to meet its burden in its notice of removal. However, Gaus has been distinguished by subsequent Ninth Circuit case law, which holds that the post-removal submission of supporting evidence can be treated as amending the notice of removal. *See* Cohn v. Petsmart, Inc., 281 F.3d 837 (9th Cir. 2002) (holding that "the district court did not err in construing Petsmart's opposition as an amendment to its notice of removal"). Although the Court would have preferred if defendant had submitted its supporting evidence with its notice of removal, the Court would not have issued its order of April 24, 2012, if it did not consider the submissions relevant to a determination regarding jurisdiction.

Plaintiff also claims that defendant's response to the Court's order of April 24, 2012, fails to prove the jurisdictional facts necessary for removal. The Court disagrees. In the circumstances presented here, defendant's burden is to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Plaintiff's motion for remand focuses on defendant's letter inquiring if plaintiff would be willing to stipulate that his damages are $75,000 or less. While the Court agrees that a refusal to stipulate, by itself, does not conclusively establish the amount in controversy, the analysis is further informed by the amount plaintiff chose for his settlement demand of $115,000, which plaintiff derived from his

calculation of damages under IFCA. Dkt. #8.

The settlement demand is relevant evidence that may be considered by the Court. The Ninth Circuit has specifically "reject(ed) the argument that Fed.R.Evid. 408 prohibits the use of settlement offers in determining the amount in controversy." Cohn v. Persmart, 281 F.3d at 843. In order for a settlement demand to be considered relevant evidence for jurisdictional purposes it simply needs to "appear to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 840.

The Court finds the proposed settlement demand to be a reasonable estimate. Plaintiff argues that defendant's assertion that the amount in controversy exceeds $75,000 is not in good faith because defendant disagrees with how plaintiff calculated his damages and provides a counter estimate of $10,542.82. This argument falls short. If plaintiff had chosen to allege an amount in the claim, the Court would have deferred to his determination as the master of the claim. The same logic applies to plaintiff's settlement demand. As was the case in Cohn v. Petsmart, Inc., plaintiff's settlement demand is sufficient to affirmatively establish jurisdiction.[1]

Finally, plaintiff's argument that the Court should abstain from hearing this case under Burford v. Sun Oil Co., 319 U.S. 316 (1943), is unpersuasive. According to plaintiff, the unsettled question under IFCA is what is the meaning of "Actual Damages" that may be trebled under RCW 48.30.015(2). The Supreme Court of the United States has held that the Burford doctrine of abstention is usually reserved for courts of equity. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 (1996). In reply, plaintiff argues that abstention is still appropriate "where exercise of federal review would be disruptive of state efforts to establish a coherent policy." Dkt. # 17 at 2. However, plaintiff has not shown that the Court's review of this case would be disruptive, and there is no reason to assume such disruption. The Washington State Supreme Court has held that the meaning of "Actual Damages" can be imported from Washington State

---

[1] Even the average of plaintiff's estimate of $196,542.82 and the defendant's estimate of $10,542.82 is well over the amount required to give the Court jurisdiction.

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND                    -3-

case law and that the meaning is consistent with the definition provided by Black's Law Dictionary. <u>Martini v. Boeing Co.</u>, 137 Wn.2d 357(1999). Furthermore, the Court can certify to the Washington State Supreme Court any question of Washington State law that has not been clearly determined pursuant to RCW 2.60.020.

For all of the foregoing reasons, the Court finds that the defendant has carried its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C.A. § 1332. Plaintiffs' motion for remand (Dkt. #13) is DENIED.

Dated this 16th day of July, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR REMAND                    -4-